1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
David F. Makkabi, Esquire #249825
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
F.040-838
Attorneys for Secured Creditor U.S. Bank, N.A.,
Successor in interest to the FDIC as receiver for
Downey Savings and Loan Association, F.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                      )     Bk. No. 09-12668
                                                           )
JORGE VARGAS ESPARZA,                                      )     CHAPTER 7
                                                           )
        Debtor.                                            )     R.S. No. DRP –  599
_____ )
                                                           )     MOTION FOR RELIEF FROM
                                                           )     AUTOMATIC STAY
                                                           )
                                                           )     Hearing-
                                                           )     Date : November 12, 2009
                                                           )     Time : 9:00 AM
                                                           )     Place :  U.S. Bankruptcy Court
                                                           )             99 South E Street
                                                           )             Santa Rosa, California
_____ )             Courtroom (bkcy)
                                                           )

        U.S. Bank, N.A., Successor in interest to the FDIC as receiver for Downey Savings

and Loan Association, F.A., its assignees and/or successors, move the Court for relief from the

Automatic Stay provided by 11 U.S.C. §362.   This motion seeks an Order terminating the

Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust

securing moving party's claim) so that moving party (and its Trustee) may commence and continue

all acts necessary to foreclose under the Deed of Trust secured by Debtor's property.  Movant   seeks

-1-

1

relief pursuant to 11 U.S.C. §362(d)(1) for "cause" due to the failure of Debtor to make required

2

payments and pursuant to 11 U.S.C. §362(d)(2) and alleges that, in accordance with the information

3

set forth in the attached Declaration, there is no equity present in the subject real property to justify

4

the continuance of the Automatic Stay.  See <u>Stewart v. Gurley</u> 745 F 2d 1194 (9th Cir. 1984).

5

Movant is informed and believes that Debtor has claimed an exemption with regard

6

to the subject Property.  Based upon this information and Movant's knowledge regarding the

7

outstanding liens against the subject Property, Movant asserts that there is no equity available in the

8

subject Property for the benefit of the estate.

9

In addition, and in the event that this Court continues the Automatic Stay, Movant

10

will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362, including

11

a requirement that Debtor reinstates all past arrearages and immediately commence regular monthly

12

payments.

13

Movant alleges that the commercially reasonable value of the subject Property is

14

approximately $210,000.00, as evidenced by Debtor's Schedules filed with this Court, a copy of

15

which is attached hereto and made a part hereof.  Movant requests that this Court take judicial

16

notice of the aforementioned Schedules pursuant to <u>Federal Rule of Evidence Section 201</u>.

17

Movant also seeks an Order terminating and vacating the Automatic Stay for all

18

purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of

19

appropriate foreclosure remedies, without the requirement of further notice or publication, except as

20

may be required by state law.

21

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this

22

Motion.  Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to

23

11 U.S.C. §506(b).  Post-petition attorneys' fees and costs for the within motion may be added to

24

the outstanding balance of the subject Note, pursuant to <u>Travelers Casualty v. Pacific Gas and</u>

25

<u>Electric Co.</u>, 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

26

In addition, Movant requests such further relief as is just.

27

28

Case: 09-12668   Doc# 14   Filed: 10/20/09   Entered: 10/20/09 12:45:37   Page 2 of 3

1

2    This Movant also seeks an Order waiving the 10-day stay described by Bankruptcy

3    Rule 4001(a)(3).

4    This Motion shall be based on these moving papers, as well as the attached

5    Declaration.

     Responsive pleadings, points and authorities and declarations are not required, but

6    may be filed, pursuant to Bankruptcy Local Rule 4001(f).

7    In the event neither Debtor, the Debtor's Counsel or the Trustee appears at a hearing

8

9    on this motion, the Court may grant relief from the Automatic Stay permitting moving party to

10   foreclose on the Debtor's property located at **2713 Comanche Street, Santa Rosa, California** and

11   obtain possession of such property without further hearing.

12   WHEREFORE, Movant prays judgment as follows:

13   1.) For an Order granting relief from the Automatic Stay, permitting this Movant to

14   move ahead with foreclosure proceedings under Movant's Deed of Trust.

15   2.) For such Order regarding adequate protection of Movant's interest as this Court

16   deems proper.

17   3.) For attorneys' fees and costs for suit incurred herein.

18   4.) For an Order waiving the 10-day stay described by Bankruptcy Rule 4001(a)(3).

19   5.) For such other relief as this Court deems appropriate.

20                                          PROBER & RAPHAEL
                                            A LAW CORPORATION
21

22   DATED: October 13, 2009              By /s/ Dean R. Prober Esquire
                                            DEAN R. PROBER, ESQUIRE, #106207
23                                          Attorney for Secured Creditor

24

25

26

27

28

Case: 09-12668   Doc# 14   Filed: 10/20/09   Entered: 10/20/09 12:45:37   Page 3 of 3